```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

LONRHO PLC and GEOFFREY WHITE,  §
                                §
      Plaintiffs,               §
                                §
v.                              §        CIVIL ACTION NO. H-11-2939
                                §
STARLIGHT INVESTMENTS, LLC,     §
                                §
      Defendant.                §
```

MEMORANDUM AND ORDER

Pending is Plaintiff and Counter-Defendant Lonrho PLC's ("Lonrho") Motion to Dismiss (Document No. 32), seeking to dismiss Defendant and Counter-Plaintiff Starlight Investments, LLC's ("Starlight") Counterclaims (Document No. 25).[1]  After carefully considering the motion, response, reply, and the applicable law, the Court concludes as follows.

I.  Background

In May 2009, Starlight entered into a contract (the "2009 Starlight/Oceanfresh Agreement") with Oceanfresh Seafoods Investment, LLC and Oceanfresh Seafoods [Pty] Ltd. (collectively, "Oceanfresh"), whereby Starlight would provide financial consulting and investment banking services to Oceanfresh, including helping

---

[1] Plaintiff Geoffrey White ("White") also joined in the motion seeking to dismiss.  Document No. 32 at 4.  Starlight alleges no counter-claims against White and White's joinder in Lonrho's motion is therefore DISMISSED.  Document No. 33 at 2.

Oceanfresh find potential investors. Pursuant to the agreement's terms, Oceanfresh notified Starlight that it chose not to renew the agreement after six months or by late 2009. Oceanfresh later entered into a subscription agreement ("Investment Agreement") with Lonrho Agri Business (BVI) Ltd. ("LA-BVI"), pursuant to which LA-BVI purchased a 51% interest in Oceanfresh.[2] Starlight asserts that the Investment Agreement was a result of the services rendered by Starlight, and alleges several counterclaims against Lonrho based on that assertion and its contention that Lonrho is now the alter ego of Oceanfresh.[3]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

---

[2] Id. at 3-4.

[3] Document 25 at 7-12. In a corporate reorganization process, that 51% interest was transferred to Protea Seafoods ("Protea"), a wholly owned subsidiary of LA-BVI. Presumably, LA-BVI is a wholly owned subsidiary of Lonrho because Lonrho in its complaint alleges that it owns a 51% interest in Oceanfresh.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Although the exact pleading requirements for Rule 9(b) are case-specific, *see* Guidry v. Bank of LaPlace, 954 F.2d 278, 288 (5th Cir. 1992), the Fifth Circuit requires the claimant to allege "'the particulars of time, place, and contents of false representations,' as well as the identity of the person making the misrepresentation and what that

3

person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud." U.S. *ex rel*. Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 384 (5th Cir. 2003) (citations omitted).

### III. Discussion

#### A. Breach of Contract

Starlight alleges that Oceanfresh's failure to compensate Starlight under the 2009 Starlight/Oceanfresh Agreement constitutes a breach of contract by Lonrho, under an alter ego theory. Starlight claims Lonrho "has so dominated and controlled Oceanfresh LTD that they are, in reality, the same company." Starlight alleges that after Lonrho acquired a 51% equity interest in Oceanfresh, Oceanfresh moved into the offices of another Lonrho subsidiary; Lonrho invested in equity and provided working capital for Oceanfresh; Lonrho renegotiated loan facilities from former shareholders within Oceanfresh; "the officers of Lonrho acted for and on behalf of Oceanfresh in all dealings with Starlight"; and Lonrho on behalf of Oceanfresh negotiated a settlement agreement with Starlight to resolve their dispute over the 2009 Starlight/ Oceanfresh Agreement.[4]

---

[4] Id. ¶¶ 79-80, 87-90.

Under Texas law, a court may pierce the corporate veil when "two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice." BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 799 (Tex. 2002). The Supreme Court of Texas has summarized the law on piercing the corporate veil as follows:

> We have never held corporations liable for each other's obligations merely because of centralized control, mutual purposes, and shared finances. There must also be evidence of abuse, or as we said in Castleberry, injustice and inequity. By "injustice" and "inequity" we do not mean a subjective perception of unfairness by an individual judge or juror; rather, these words are used in Castleberry as shorthand references for the kinds of abuse, specifically identified, that the corporate structure should not shield--fraud, evasion of existing obligations, circumvention of statutes, monopolization, criminal conduct, and the like. Such abuse is necessary before disregarding the existence of a corporation as a separate entity. Any other rule would seriously compromise what we have called a "bedrock principle of corporate law"--that a legitimate purpose for forming a corporation is to limit individual liability for the corporation's obligations.

SSP Partners v. Gladstrong Invs. (USA) Corp., 275 S.W.3d 444, 455 (Tex. 2008) (discussing Castleberry v. Branscum, 721 S.W.2d 270, 273 (Tex. 1986), *superseded in part by* TEX. BUS. CORP. ACT ANN. art. 2.21(A)(2)), now TEX. BUS. ORG. CODE ANN. § 21.223 (West 2012)).

Alter ego, one of several theories by which a court may pierce the corporate veil, is applied when "holding only the corporation liable would result in injustice." Id. at 454 (quotation marks and citations omitted); *see also* Gardemal v. Westin Hotel Co., 186 F.3d

5

588, 593 (5th Cir. 1999) (holding that one corporation may be held liable for the acts of another corporation "when the subject corporation is organized or operated as a mere tool or business conduit" and there is such unity between the two corporations that holding only the subject corporation liable would result in injustice). Actual fraud is required in order to pierce the corporate veil on the basis of alter ego. TEX. BUS. ORG. CODE ANN. § 21.223 (West 2012). Under Rule 9(b), allegations of fraud must be pled with particularity. FED. R. CIV. P. 9(b).

Whether corporations are alter egos of each other such that a court may pierce the corporate veil is a fact-intensive inquiry. United States v. Jon-T Chemicals, Inc., 768 F.2d 686, 694 (5th Cir. 1985). The facts pled by Starlight are not such as to state a viable alter ego claim against Lonrho, *see* W. Horizontal Drilling, Inc. v. Jonnet Energy Corp., 11 F.3d 65, 68 (5th Cir. 1994) ("[A] failure to observe corporate formalities is no longer a factor in proving the alter ego theory contract claims."). Moreover, Starlight has not alleged the kind of actual fraud required by § 21.223(b) of the Texas Business Organization Code, nor facts to support a finding of injustice if Oceanfresh alone were held liable for its own debts.[5] The claim is therefore subject to dismissal;

---

[5] Starlight contends that Nevada law should apply to the alter ego question because the 2009 Starlight/Oceanfresh Agreement contained a Nevada choice-of-law provision. Document No. 33 at 4-5. The contention probably fails because Starlight's alter ego theory is entirely collateral and unrelated to the 2009 Starlight/

however, Starlight in its response to Lonrho's motion asserts some additional facts that it did not plead, and it will therefore be granted leave to file an amended counterclaim upon the terms set forth in the Order at the conclusion of this Memorandum.

B.   Intentional Interference With Contractual Relations

The Motion to Dismiss this claim is denied because the facts alleged are sufficient to state a claim for intentional interference with contractual relations.

C.   Fraud or Intentional Misrepresentation and Negligent Misrepresentation

Under Texas law, the elements of a fraud claim are that (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.  In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001).  Negligent misrepresentation requires somewhat different elements: (1) a representation was made in the course of

---

Oceanfresh Agreement that had the choice-of-law proviso. Regardless, Nevada law would appear to lead to the same result as Texas law.  See Bonanza Hotel Gift Shop, Inc. v. Bonanza No. 2, 596 P. 2d 227, 229 (Nev. 1979).

business, or in a transaction in which the speaker had a pecuniary interest; (2) the speaker supplies false information for the guidance of others in their business; (3) the speaker did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. LHC Nashua P'ship, Ltd. v. PDNED Sagamore Nashua, L.L.C., 659 F.3d 450, 458 n.8 (5th Cir. 2011) (quoting Fed. Land Bank Ass'n v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991)).[6]

Starlight alleges that Lonrho negotiated a settlement agreement between Starlight and Oceanfresh, promising to pay $80,000 and to provide investment banking services or other business to Starlight.[7] Lonrho paid the $80,000 but never provided any business to Starlight.[8] Starlight alleges that "[r]epresentations made by Oceanfresh LTD and Lonrho to induce Starlight into the settlement were untrue and false, and with knowledge of the untruth of such representations, Starlight would no[t] have entered

---

[6] Starlight's negligent misrepresentation claim is based on the same set of facts as its fraud claim and therefore is analyzed under the standard provided in Rule 9(b). See Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 723 (5th Cir. 2003) ("Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims. That is the case here, as [Plaintiff's] fraud and negligent misrepresentation claims are based on the same set of alleged facts.").

[7] Document No. 25 ¶ 89.

[8] Id. ¶ 90.

8

into the Settlement."[9]  Such a misrepresentation may broadly suggest fraud, but Starlight does not allege with particularity the contents of the statements, who made them, and when, where, to whom, and under what circumstances the statements were made.  *See* FED. R. CIV. P. 9(b); *see also* <u>Spoljaric v. Percival Tours, Inc.</u>, 708 S.W.2d 432, 434 (Tex. 1986) ("A promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act.").  The counterclaims as pled fail to satisfy the standard required for pleading fraud, and are dismissed.

D.  <u>Constructive Fraud</u>

Starlight alleges that Lonrho's actions "constitute constructive fraud for which Starlight has been damaged."[10] "Constructive fraud and actual fraud are independent causes of action and a finding of constructive fraud will neither establish nor support a finding of actual fraud."  <u>Phillips v. United Heritage Corp.</u>, 319 S.W.3d 156, 167-68 (Tex. App--Waco 2010, no pet.).  "Actual fraud usually involves dishonesty of purpose or intent to deceive, whereas constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to

---

[9] <u>Id.</u> ¶ 91.

[10] Document No. 25 at ¶¶ 102-03.

violate confidence, or to injure public interests." Archer v. Griffith, 390 S.W.2d 735, 740 (Tex. 1964). No special relationship or fiduciary duty is claimed to exist between these parties, and Starlight has not alleged facts sufficient to support a claim of constructive fraud. *See e.g.,* Schroeder v. Wildenthal, Civ. A. No. 3:11-CV-0525-B, 2011 WL 6029727, at *3-5 (N.D. Tex. Nov. 30, 2011) (Boyle, J.) (dismissing Plaintiff's constructive fraud claim for failure to plead any legal relationship or duty owed). This claim is dismissed.

E.  Breach of the Implied Covenant of Good Faith and Fair Dealing

Starlight summarily alleges that Lonrho breached an implied covenant of good faith and fair dealing, presumably related to a contract.[11] Starlight, however, does not plead the existence of a contract between it and Lonrho (except for its inadequate alter ego theory on the 2009 Starlight/Oceanfresh Agreement), nor does it plead any facts to support an inference of a special relationship between Lonrho and Starlight. *See* R2 Investments LDC v. Phillips, 401 F.3d 638, 642 (5th Cir. 2005) (in ruling on a motion under 12(b)(6), the court "will not accept conclusory allegations, unwarranted deductions, or legal conclusions") (quotation marks and citations omitted). This claim therefore is dismissed.

---

[11] Document No. 25 at § 101.

IV. Order

For the foregoing reasons, it is

ORDERED that Lonrho PLC's Motion to Dismiss for Failure to State a Claim (Document No. 32) is DENIED as to Starlight Investments, LLC's claim for intentional interference with contractual relations; and the motion is otherwise GRANTED with respect to Starlight's claims for breach of contract, breach of an implied covenant of good faith and fair dealing, fraud, intentional misrepresentation, negligent misrepresentation, and constructive fraud; provided, however, that Starlight is granted leave, within fourteen (14) days after the date of this Order, to file an amended counterclaim to allege such of the foregoing dismissed claims, if any, that it in good faith may allege consistent with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure; and, as to any claims of fraud, that it allege the same with particularity as required by Rule 9(b).

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 18th day of September, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE